IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE TRUSTEES OF THE ) <br> EIGHTH DISTRICT ) <br> ELECTRICAL PENSION FUND, ) <br> DELINQUENCY COMMITTEE ) <br> OF THE EIGHTH DISTRICT ) <br> ELECTRICAL PENSION FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CRAFT ELECTRIC COMPANY, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | Civ. No. 09-0184-S-BLW <br><br> MEMORANDUM DECISION <br> AND ORDER |

### INTRODUCTION

The Court has before it a motion for summary judgment by plaintiff Trustees. The motion was heard on March 19, 2010, and the Court permitted additional briefing that was received on March 24, 2010. For the reasons expressed below, the Court will grant the motion.

### LITIGATION BACKGROUND

The plaintiff Trustees operate pension and welfare funds for electricians and

**Memorandum Decision & Order – page 1**

apprentices.  They allege in this lawsuit that Craft Electric Co. owes $153,230.37 to the funds, and seek a summary judgment for that sum.

In February of 2007, Craft signed a Letter of Assent with two local unions – Locals 449 and 532 – affiliated with the International Brotherhood of Electrical Workers (IBEW).  The Letter of Assent with Local 449 bound Craft to the terms of the Eastern Counties Inside Wireman Collective Bargaining Agreement (Eastern Inside CBA).  This agreement covers inside electrical work done in Idaho's eastern counties.  The Letter of Assent with Local 532 bound Craft to the terms of the Bozeman Inside CBA that covers inside electrical work in Western Montana.

Both CBAs required employers to make contributions to the Eighth District Pension and Benefit Funds for covered work.  In the event that Craft failed to pay all amounts due, the CBAs provided that Craft would be liable for liquidated damages, interest, audit fees, and attorney fees.  Both CBAs contained provisions binding Craft and the local unions to the Second Amended and Restated Agreement and Declaration of Trust of the Eighth District Electrical Pension Fund (Trust Agreement).  *See Bodell Declaration at Exhibits B & C.*

In March of 2008, Craft consented to an audit of its payroll accounts to determine whether any amounts were owed to the funds.  Auditor Gus Sand filed his Declaration stating that he audited Craft to compare (1) the wages Craft paid

between February 21, 2007 and March 4, 2008 with (2) the amounts Craft was required to pay into the funds on those wages for that same period.  *See Declaration of Sand* at p. 2.  That audit examined wages paid to seven Craft employees: (1) Ken Hoffman, (2) Chris Maybee, (3) Leonard Sheetz Jr., (4) Seth Wolfe, (5) Edward Sheetz, (6) Marc Crapo, and (7) Brian Sheetz.  The audit revealed that Craft owed $84,244.04 to the funds under the terms of the two CBAs.  *Id.*  Auditor Sands also concluded that Craft owed $30,670.38 in liquidated damages, $34,333.47 in interest, and $4,002.48 in audit fees.  *Id*.

On the basis of that audit, the Trustees filed this suit to collect those sums.  Craft responds by seeking to strike the Declaration of Sands.  Craft also argues that the CBAs are partially ambiguous because they contain provisions adopting and agreeing to a document – the Second Amended and Restated Agreement and Declaration of Trust of the Eighth District Electrical Pension Fund – that has not been provided to the Court.

Craft argues further that the CBAs are ambiguous for failing to define the term "employee."  Neither CBA, Craft asserts, addresses whether "employee" means an individual within the bargaining unit.  Craft argues further that five of the seven employees whose wages were audited by Sands are all owners or managers of Craft, *see Affidavit of Hoffmann*, and were therefore not entitled to any pension

**Memorandum Decision & Order – page 3**

fund contributions because they were not within the bargaining unit.  The other two employees – Marc Crapo and Chris Maybee – merely built shelves and swept floors, and did no electrical work.  *Id.*

## STANDARD OF REVIEW

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct testimony of the non-movant must be believed, however implausible.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence.

**Memorandum Decision & Order – page 4**

*McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

**Memorandum Decision & Order – page 5**

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002); *see also* Fed.R.Civ.P. 56(e). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id*. (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

## ANALYSIS

### Fraud in the Inducement

Craft argues that questions of fact concerning one of its defenses precludes summary judgment. Specifically, Craft claims that Robert Bodell, the Business Manager for Local 449, told Ken Hoffman, one of Craft's owners, that "work covered by the [CBA] was work performed by union members." *See Declaration of Hoffman* at ¶ 10. Craft argues that it relied on this representation by Bodell in not making any pension fund contributions on behalf of the seven persons because they were not union members.

**Memorandum Decision & Order – page 6**

This is a fraud-in-the-inducement defense. "[T]he range of defenses to [a suit to collect delinquent trust fund contributions] is severely limited," and a defense based on fraud in the inducement "is not a legitimate defense to the Trust Funds' suit for delinquent contributions." *Southern California Retail Clerks Union v. Bjorklund*, 728 F.2d 1262, 1265,1266 (9th Cir. 1984). Because the defense is unavailable to Craft, Hoffman's allegations fail to raise a genuine issue of material fact.

**<u>Trustees' Admissions</u>**

Craft responds that "[t]he Trustees have admitted in discovery that Bodell's representations about membership in the bargaining unit bind the Trustees." *See Craft Brief* at p. 3. Craft is referring here to two Requests for Admission that were not timely answered and hence deemed admitted under Federal Rule of Civil Procedure 36(a)(3). The first Request asks the Trustees to admit "that you are bound by the actions or inactions of the union locals in determining who is in a bargaining unit." The second Request asks the Trustees to admit "that you are bound by the union locals in determining what work is or is not being performed by the bargaining unit."

Neither of these two Requests ask the Trustees to admit that an oral statement of Bodell to Hoffman binds the Trustees. Any admission based on these

**Memorandum Decision & Order – page 7**

Requests would be limited to actions of the union locals, and there is no evidence that an oral statements made by Bodell to Hoffman constitutes an action by the union locals. Moreover, Craft cannot use the Requests to "compel an admission of a conclusion of law." *See Playboy v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D.Cal. 1999). That is essentially how Craft is using the Requests, to establish that the Trustees waived their legal right to limit Craft's defenses.

**Sands' Audit**

Craft argues that Sands' audit erroneously concludes that contributions should have been made for work and workers that were not covered by the CBAs. Craft argues that the CBAs do not clearly define who is covered, and that most of the seven persons that Sands concluded were covered are members of management who cannot be covered by a CBA.

It is undisputed that after receiving the first audit in early April of 2008, and a revised version dated May 1, 2008, Craft filed its objections by letter dated May 30, 2008. These objections, the Trustees argue, were late under the following deadline imposed by the Trust Agreements:

> Upon completion of the review by the auditor, a copy of his report shall be forwarded to the employer and all general contractors involved. Unless written objections are filed within ten (10) days with the Trust office, such review shall be binding on the employer and his general contractors as to the amounts due.

**Memorandum Decision & Order – page 8**

*See Bodell Declaration at Exhibit H, p. 41.*

It is undisputed that Craft did not file its objections within the 10 day limit. Hence, the audit is binding on Craft.

Craft responds that the Trust Agreement submitted by the Trustees to the Court is an earlier version of the one that binds Craft, the Second Amended and Restated Agreement and Declaration of Trust of the Eighth District Electrical Pension Fund. Craft points out that this Second Amended Trust Agreement has not been provided to the Court.

Under the circumstances of this case, the Trustees' failure to provide the Second Amended Trust Agreement does not preclude summary judgment on this issue. The Trustees did provide an earlier version that contained the deadline, and argued in briefing that the same deadline currently governed Craft. Craft had a full and fair opportunity to rebut the argument and argue that the Second Amended Trust Agreement changed or dropped the 10-day deadline quoted in the earlier version. Craft never made such an argument. Given this, it makes little sense to proceed to trial on this issue: "[O]ne of the most important objectives of the summary judgment procedure [is] the elimination of waste of the time and resources of both litigants and the courts in cases where a trial would be a useless formality." *Wallace v. Chappell*, 661 F.2d 729, 737 (9th Cir. 1981), reversed on

**Memorandum Decision & Order – page 9**

other grounds, *Chappell v Wallace*, 462 U.S. 296 (1983).  Moreover, Rule 56(a) allows a plaintiff to seek summary judgment "with or without affidavits."

Accordingly, the Court finds that Craft is bound to the 10-day deadline quoted above.  Because Craft did not object to Sands' audit within the 10-day deadline, it cannot now raise objections to Sands' conclusions as to the persons and types of work that trigger contributions to the funds.

## Surreply Brief

At oral argument, Craft sought leave to file a surreply brief to respond to arguments made by the Trustees for the first time in a reply brief.  The Court granted that request, and Craft filed its brief on March 24, 2010.

In that brief, Craft argues that (1) the letters from Sands sending the audits to Craft failed to inform Craft that it only had ten days to object, and (2) the Trustees have not established that Craft had possession of a copy of the Trust Agreement. *See Craft Surreply Brief (docket no. 30)*.  Yet Craft cites no requirement in the Trust Agreement that Sands inform Craft of its contractual obligation, and Craft is presumed to know the contents of the contracts it signs, including the terms of the Trust Agreement in this case that was clearly incorporated by reference.  *See Restatement of Contracts (Second) §157 (1981) ("[g]enerally, one who assents to a writing is presumed to know its contents")*.  These two arguments do not raise

**Memorandum Decision & Order – page 10**

genuine issues of material fact.

For all of these reasons, the Court finds that no genuine issues of material fact exist, and that the Trustees are therefore entitled to summary judgment. The Court will issue a separate Judgment as required by Rule 58.



DATED: **March 31, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 11**